CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 1 8 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ROY RODGERS, | ) | |
|     Petitioner, | ) | Civil Action No. 7:05CV00587 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| GENE JOHNSON, | ) | By: Hon. Glen E. Conrad |
|     Respondent. | ) | United States District Judge |

Roy Rodgers, a Virginia inmate proceeding pro se, filed this action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Hubbard challenges the validity of his convictions in the Circuit Court for the County of Pittsylvania. For the following reasons, Rodgers' petition is untimely and must be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[1]

## BACKGROUND

On December 15, 2003, Rodgers was convicted of two counts of distribution of cocaine. That same day, Rodgers was sentenced to a total term of imprisonment of ten years. Rodgers did not directly appeal his convictions or sentence. However, Rodgers filed a petition for writ of habeas corpus in the Supreme Court of Virginia on November 8, 2004. The Supreme Court dismissed the petition on May 5, 2005.

Rodgers mailed the instant petition on September 20, 2005. On September 22, 2005, the court conditionally filed the petition and advised Rodgers that the petition appeared to be untimely. The court directed Rodgers to submit within twenty days any argument and/or evidence concerning the timeliness of his petition. On October 11, 2005, Rodgers responded to

---

[1] Rule 4 provides that the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief...."

the court's order by submitting a copy of the order dismissing his state habeas petition.

## DISCUSSION

A one-year period of limitation applies to habeas petitions filed under § 2254. 28 U.S.C. § 2244(d)(1). Generally, this period begins to run from the date on which the judgment of conviction becomes final. See § 2244(d)(1)(A).[2] In this case, Rodgers was convicted and sentenced on December 15, 2003. Because Rodgers did not appeal his convictions, they became final on January 14, 2004, the date on which his time to appeal expired.[3] As such, the one-year period of limitation under § 2244(d)(1) began to run on that date.

The one-year period was subsequently tolled on November 8, 2004, the date on which Rodgers filed a petition for writ of habeas corpus in the Supreme Court of Virginia. Pursuant to § 2244(d)(2), the one-year period of limitation is tolled while an inmate's "properly filed application for State post-conviction or other collateral review" is pending. The Virginia Supreme Court did not dismiss Rodgers' state petition until May 5, 2005. Thus, Rodgers was afforded an additional 179 days in which to file a federal petition under § 2254. As a result, Rodgers had until July 12, 2005 to file a timely petition. Because Rodgers did not mail the

---

[2] Under § 2244, the one-year period of limitation begins to run on the latest of four dates: "(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."
  Here, the petitioner has not alleged anything to support the court's reliance on subsections (B), (C), or (D). Therefore, the court concludes that the one-year period of limitation began to run on the date the petitioner's conviction became final.

[3] Pursuant to Rule 5A:6 of the Rules of the Supreme Court of Virginia, Rodgers had thirty days to file a notice of appeal. The thirty-day period expired on January 14, 2004.

2

instant petition until September 20, 2005, and since Rodgers has not demonstrated any grounds for equitable tolling,[4] Rodgers' petition is untimely. Accordingly, the petition must be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

ENTER: This 18th day of October, 2005.

*United States District Judge*

---

[4] The United States Court of Appeals for the Fourth Circuit has explained that equitable tolling is only appropriate when a petitioner "presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse v. Lee, 339 F.3d. 238, 246 (4th Cir. 2003).

3